Amy L. Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| | Case No.: |
| MELISSA LANGSTON | COMPLAINT FOR DAMAGES |
| | 1. VIOLATION OF THE FAIR |
| Plaintiff, | DEBT COLLECTION PRACTICES |
| | ACT, 15 U.S.C. §1692 ET. SEQ.; |
| v. | 2. VIOLATION OF THE |
| | ROSENTHAL FAIR DEBT |
| DIVERSIFIED CONSULTANTS, | COLLECTION PRACTICES ACT, |
| INC., | CAL. CIV. CODE §1788 ET. SEQ. |
| | 3. VIOLATION OF THE |
| Defendant. | TELEPHONE CONSUMER |
| | PROTECTION ACT, 47 U.S.C. § |
| | 227, ET. SEQ. |
| | |
| | JURY TRIAL DEMANDED |

## COMPLAINT

MELISSA LANGSTON ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against DIVERSIFIED CONSULTANTS, INC. ("Defendant"):

## INTRODUCTION

1.      Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* ("RFDCPA"), and Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA")

## JURISDICTION AND VENUE

2.      Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.      Defendant conducts business in the State of California and therefore, personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.      Plaintiff is a natural person residing in Fairfield, California 94533.

6.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3) and is a "debtor" as defined by RFDCPA, Cal. Civ. Code §1788.2(h).

7.      Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8.     Defendant is a corporation specializing in debt collection with a business address located at 10550 Deerwood Park Blvd., Suite 309, Jacksonville, FL 32256.

9.     Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and RFDCPA, Cal. Civ. Code §1788.2(c).

10.    Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

11.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12.    At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff as the term is defined by the FDCPA at 15 U.S.C. § 1692a(5) and the RFDCPA at Cal. Civ. Code §1788.2(f).

13.    Upon information and belief, the debt arose out of transactions that were for personal, family or household purposes.

14.    Between August 2015 and May 2016, Defendant's collectors placed repeated harassing debt collection calls to Plaintiff's cellular telephone seeking to collect an alleged debt related to a Verizon Wireless cellular telephone balance.

15.    Defendant's harassing debt collection calls derived from several

numbers including, but not limited to (510) 931-6693. The undersigned has confirmed that this number belongs to the Defendant.

16.     When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

17.     Plaintiff received calls from Defendant that began with a pre-recorded message before the calls were transferred to a collector.

18.     On at least one occasion in May 2016, while Plaintiff was speaking with a live agent, she told them to stop calling her.

19.     In response to Plaintiff's request, Defendant continued to talk over her, eventually forcing Plaintiff to hang up the phone mid-conversation.

20.     On some occasions, Plaintiff would hang up on Defendant, and Defendant would immediately call back.

21.     Defendant's telephone calls were not made for "emergency purposes."

22.     Defendant's actions as described herein were made with the intent to harass, abuse, and coerce payment from Plaintiff for the alleged debt.

PLAINTIFF'S COMPLAINT

## COUNT I
## DEFENDANT VIOLATED § 1692d OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

23.   Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

24.   Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly and continuously, and when it engaged in other harassing or abusive conduct even after Plaintiff requested the calls to stop.

## COUNT II
## DEFENDANT VIOLATED § 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

25.   Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

26.   Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff.

PLAINTIFF'S COMPLAINT

**COUNT III**
**DEFENDANT VIOLATED THE**
**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

27.     In its actions to collect a disputed debt, Defendant violated Cal. Civ. Code §1788.17, which mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j of the FDCPA inclusive.

**COUNT IV**
**DEFENDANT VIOLATED THE**
**TELEPHONE CONSUMER PROTECTION ACT**

28.     Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using an automated message and/or prerecorded voice.

29.     Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

30.     Defendant's calls to Plaintiff were not made for emergency purposes.

31.     Defendant's calls to Plaintiff were made after Plaintiff had explicitly revoked any consent that was previously given.

32.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

PLAINTIFF'S COMPLAINT

33.   The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

34.   As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, MELISSA LANGSTON, respectfully prays for a judgment as follows:

a.   All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b.   Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.   All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

d.   All actual damages, statutory damages, reasonable attorney's fees and costs, and any other litigation costs incurred by Plaintiff pursuant to the RFDCPA at Cal. Civ. Code § 1788.17;

e.   All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

f.   Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

PLAINTIFF'S COMPLAINT

g. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

h. Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

i. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MELISSA LANGSTON, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: August 12, 2016          KIMMEL & SILVERMAN, P.C.

By: /s/ Amy L. Bennecoff Ginsburg
    Amy L. Bennecoff Ginsburg (275805)
    Kimmel & Silverman, P.C
    30 East Butler Pike
    Ambler, PA 19002
    Telephone: (215) 540-8888
    Facsimile (215) 540-8817
    Email: aginsburg@creditlaw.com
    Attorney for Plaintiff

PLAINTIFF'S COMPLAINT